### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                         Case No. 15-20079-01-JAR

**DARNELL SHARON O'CONNER,**

    **Defendant.**

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Darnell Sharon O'Conner's Objection Number One to the Presentence Investigation Report ("PSR") (Doc. 20). Defendant objects to Paragraph 15 of the PSR, which calculates his base offense level as 20 pursuant to United States Sentencing Guidelines ("USSG") § 2K2.1(a)(4)(A). Defendant argues that his base offense level should begin at level 14 pursuant to USSG § 2K2.1(a)(6). In support of his Objection, Defendant submitted a Sentencing Memorandum (Doc. 23), and the Government submitted a Sentencing Memorandum (Doc. 24) in response. The Court held a sentencing hearing and heard oral argument on Defendant's Objection on June 1, 2016, at which time the Court took the Objection under advisement. After considering the Objection and response in the PSR, the sentencing memoranda, and the parties' arguments at the June 1 hearing, the Court is prepared to rule. For the reasons stated below, the Court overrules Defendant's Objection Number One.

**I.   Background**

Plaintiff pleaded guilty on December 21, 2015, to knowingly and unlawfully possessing, as a felon, a firearm that had been transported in interstate commerce, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2).[1]  Prior to Defendant's sentencing hearing, the United States Probation Office filed a PSR, in which it calculated Defendant's base offense level as 20 pursuant to USSG § 2K2.1(a).[2]  Section 2K2.1(a) describes the applicable base offense levels for offenses under § 922(g)(1), and provides that an offense involving a felon in possession of a firearm subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense results in a base offense level of 20.[3]

The PSR described Plaintiff's criminal history, including a conviction in 2008 for aiding and abetting in the interference of commerce by means of robbery, in violation of 18 U.S.C. § 1951.  The indictment in that case charged Defendant and others with:

> steal[ing] property consisting of controlled substances from the owners of the Omnicare Pharmacy, located at 453 East 111th Street, Kansas [City], Missouri, in the presence of Harry G. Gianakon, employee of Omnicare Pharmacy, against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, that is, defendants Abdullah "Doolly" Taylor and Darnell "D" O'Conner, aided and abetted by [co-Defendants], used and carried firearms during the demands for property at the pharmacy[,] [a]ll in violation of Title 18, United States Code, Sections 1951 and 2.[4]

The PSR classified this previous conviction as a crime of violence, and therefore calculated Defendant's base offense level as 20.  Defendant argues that the previous conviction was not for a crime of violence, and therefore his base offense level should be 14.

**II. Discussion**

At the time of Defendant's sentencing, USSG § 4B1.2(a) defined the term "crime of violence" for purposes of § 2K2.1(a) as:

---

[1] Doc. 11.

[2] Doc. 20 at 5.

[3] United States Sentencing Guidelines § 2K2.1(a)(4).

[4] Doc. 23, Ex. 1 at 3.

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[5]

Application Note 1 in the Commentary to § 4B1.2 added the following:

> For purposes of this guideline—"Crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.
> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.[6]

In *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), which provides that "crimes of violence" include crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague.[7]  Relying on *Johnson*, the Tenth Circuit held in *United States v. Madrid* that the identical residual clause in § 4B1.2(a)(2) is void for vagueness.[8]  Thus, in the wake of *Johnson* and *Madrid*, a defendant's prior conviction will be considered a crime of violence under § 4B1.2 only if the crime of conviction (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) meets the definition of one of the generic crimes enumerated in § 4B1.2(a)(2) or the Commentary to § 4B1.2.[9]

---

[5] The United States Sentencing Commission recently amended Guideline 4B1.2, effective August 1, 2016, making changes to the definition of crime of violence.  *See* United States Sentencing Guidelines § 4B1.2(a); *Beckworth v. United States*, No. 4:12CR88, 2016 WL 4203510, at *2 n. 4 (Aug. 9, 2016).

[6] *United States v. Armijo*, 651 F.3d 1226, 1230 (10th Cir. 2011) (citing previous version of Application Note 1 to Guidelines § 4B1.2).

[7] 135 S. Ct. 2551, 2557–63 (2015).

[8] 805 F.3d 1204, 1211 (10th Cir. 2015).

[9] *United States v. Mitchell*, -- F. App'x --, No. 15-7076, 2016 WL 3569764, at *3 (10th Cir. June 29, 2016) (explaining that after *Johnson*, offense must fit within the "elements clause" or the "enumerated offenses" clause to constitute a crime of violence under § 4B1.2); *see United States v. McConnell*, 605 F.3d 822, 824 (10th Cir. 2010) (quoting *United States v. Charles*, 576 F.3d 1060, 1066 (10th Cir. 2009)) ("Commentary to the Guidelines 'is

3

In considering whether a past conviction is for a crime of violence, courts use the "categorical approach," under which they compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime—*i.e.*, the offense as commonly understood.[10]  Using the categorical approach, a sentencing court looks "not to the particular facts of the prior conviction but to the terms of the underlying statute."[11]  If the relevant statute substantially corresponds to the generic offense, the conviction may be used for enhancement purposes.[12]  But "[i]f the statutory definition of the prior conviction proscribes a range of conduct that is broader than generic burglary, [the court must] then employ a modified-categorical approach" that goes beyond the mere fact of conviction to determine whether the jury was required to find all the elements of the generic offense.[13]  Courts also use the modified categorical approach when a statute of conviction is divisible, meaning that it contains multiple definitions of an offense, some of which do not qualify as crimes of violence.[14]  The modified categorical approach allows the court to examine certain judicial records, such as the charging document, plea agreement, plea colloquy, or jury instructions, to determine which alternative offense of a divisible statute formed the basis of the defendant's prior conviction.[15]

---

authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'"); *United States v. Hinton*, No. 4:15-CR-26-FL, 2016 WL 632447, at *2 (E.D.N.C. Feb. 17, 2016) (quoting *United States v. Mobley*, 687 F.3d 625, 629 (4th Cir. 2012)) ("The crimes specified in Application Note 1 of the Commentary to § 4B1.2 serve as additional enumerated offenses, or 'example crimes'").

[10]*Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

[11]*United States v. Venzor-Granillo*, 668 F.3d 1224, 1228 (10th Cir. 2012) (quoting *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005)).

[12] *Venzor-Granillo*, 668 F.3d at 1228 (quoting *United States v. Barney*, 955 F.2d 635, 638 (10th Cir. 1992)).

[13]*United States v. Ramon Silva*, 608 F.3d 663, 665 (10th Cir. 2010) (*Taylor v. United States*, 495 U.S. 575, 599 (1990)).

[14]*Descamps*, 133 S. Ct. at 2281; *United States v. Hood*, 774 F.3d 638, 645 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 2370, 192 L. Ed. 2d 159 (2015); *United States v. Zuniga-Soto*, 527 F.3d 1110, 1117 (10th Cir. 2008).

[15]*Descamps*, 133 S. Ct. at 2281; *United States v. Venzor-Granillo*, 668 F.3d 1224, 1228 (10th Cir. 2012) (citations omitted).

### A.    Aiding and Abetting

Defendant first argues that his previous conviction for Aiding and Abetting in the Interference of Commerce by Means of Robbery was not a crime of violence. Defendant was charged with a violation of 18 U.S.C. § 2, which provides in relevant part:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.[16]

This offense is indivisible, as it defines aiding and abetting in a single way. Therefore, the Court applies the categorical approach and turns to whether the crime of conviction meets the generic elements of the crime.

Application Note 1 in the Commentary to § 4B1.2 states that "'[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."[17] Thus, aiding and abetting is expressly included as a categorical crime of violence under § 4B1.2. Defendant's conviction under 18 U.S.C. § 2 was for aiding and abetting, and Defendant does not contend that the definition in this statute differs from the generic definition of aiding and abetting.

Defendant, however, argues that aiding and abetting is not a crime of violence because it is an inchoate crime. Defendant relies on *United States v. Fell*, in which the Tenth Circuit held that a conviction for conspiracy to commit second-degree burglary pursuant to Colorado's conspiracy statute was not a "violent felony" under the Armed Career Criminal Act ("ACCA").[18]

---

[16] 18 U.S.C. § 2.

[17] United States Sentencing Guidelines § 4B1.2, cmt. n. 1.

[18] 511 F.3d 1035, 1044 (10th Cir. 2007).

5

The definition of "violent felony" under the ACCA provides that a "violent felony" is a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[19]

This definition is nearly identical to the definition of "crime of violence" in § 4B1.2.[20] The Court in *Fell* explained that Colorado's conspiracy statute did not have as an element the use, attempted use, or threatened use of physical force, and did not qualify as one of the enumerated crimes under the ACCA.[21] The Court also explained that because conspiracy to commit second-degree burglary under the statute did not require a person to perform an overt act directed toward the commission of the substantive crime, the offense did not qualify as a "violent felony" under the residual clause of the ACCA.[22]

Defendant argues that pursuant to *Fell*, an inchoate offense cannot qualify as a crime of violence, regardless of whether the offense is expressly enumerated in § 4B1.2.[23] *Fell*, however, did not address the effect of an inchoate crime being expressly listed as a crime of violence. To the contrary, the court recognized in that case that conspiracy is not listed as an enumerated "violent felony" in the ACCA.[24] Here, the Commentary to § 4B1.2 expressly states that aiding and abetting in the commission of a crime of violence itself constitutes a crime of violence.[25] The commentary to § 4B1.2 is authoritative unless it violates the Constitution or a federal statute,

---

[19] 18 U.S.C. § 924(e)(2)(B).

[20] *See* United States Sentencing Guidelines § 4B1.2(a).

[21] 511 at 1037.

[22] *Id.* at 1042–44.

[23] *See* Doc. 23 at 4–10.

[24] *Fell*, 511 F.3d at 1037.

[25] United States Sentencing Guidelines § 4B1.2, cmt. n. 1.

or is inconsistent with the language of another Guideline.[26] Although aiding and abetting is an inchoate crime, the reasoning in *Fell* does not stand for the proposition that an enumerated inchoate crime cannot qualify as a crime of violence under the Guidelines. Therefore, because aiding and abetting is specifically enumerated in the Commentary to § 4B1.2, and because that commentary is authoritative, the Court finds that aiding and abetting in the commission of a Hobbs Act robbery is a crime of violence if the substantive crime is a crime of violence.

### B.     Hobbs Act Robbery

18 U.S.C. § 1951(a) provides that a person commits Hobbs Act robbery when he or she "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion."[27] Section 1951(b)(1) in turn defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."[28] Section 1951(b)(2) defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."[29]

The Government argues that Defendant's prior conviction under § 1951 is a crime of violence under the physical force clause and as an enumerated offense under § 4B1.2.[30] The first task in analyzing whether a conviction under § 1951 qualifies as a crime of violence is

---

[26]*Stinson v. United States*, 508 U.S. 36, 38 (1993); *United States v. Armijo*, 651 F.3d 1226, 1235–37 (10th Cir. 2011).

[27]18 U.S.C. § 1951(a).

[28]*Id.* § 1951(b)(1).

[29]*Id.* § 1951(b)(2).

[30]The Government apparently concedes that the conviction is not a crime of violence under the residual clause of § 4B1.2 because that clause has been found unconstitutional. *See* Doc. 24; *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015).

7

determining whether to apply the categorical approach or the modified categorical approach.[31] Section 1951 provides that a person commits an offense by obstructing, delaying, or affecting commerce "by robbery or extortion."[32] Subsection (b) provides different definitions for robbery and extortion.[33] Because the statute provides multiple, alternative definitions for the offense, some of which may not qualify as a crime of violence, the Court must apply the modified categorical approach to determine under which definition Defendant was convicted.[34] Upon review of the charging documents in Defendant's previous case, it is clear that Defendant was charged with robbery, rather than extortion, under § 1951(a). Therefore, the Court must consider whether Hobbs Act robbery, as defined under § 1951(b)(1), is a crime of violence pursuant to § 4B1.2.

As explained above, the Commentary to § 4B1.2 is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with the language of another Guideline.[35] Application Note 1 to § 4B1.2 provides that robbery is a crime of violence.[36] Thus, robbery under § 4B1.2 is a crime of violence if it meets the generic definition of robbery. Generic robbery is most commonly defined as the illegal taking of property from another person or from the immediate presence of another person by force or by intimidation.[37] Section 1951(b)(1)

---

[31]*See United States v. Jackett*, 610 F. App'x 766, 770 (10th Cir. 2015) (initially discussing district court's decision to resort to the categorical approach "in the first instance).

[32]18 U.S.C. § 1951(a).

[33]*Id.* § 1951(b).

[34]*See United States v. Redmond*, No. 3:14-cr-00226-MOC, 2015 WL 5999317 (W.D.N.C. Oct. 13, 2015) (holding that modified categorical approach applies to § 1951 because statute is divisible); *United States v. Standberry*, 139 F. Supp. 3d 734, 740 (E.D. Va. 2015) (suggesting that Hobbs Act robbery is divisible because the statute "provides two distinct methods by which the crime can be committed—robbery or extortion").

[35]*See supra*, Part II.B.

[36]United States Sentencing Guidelines § 4B1.2 cmt. n. 1.

[37]*United States v. Lockley*, 632 F.3d 1238, 1244 (11th Cir. 2011) (quoting *United States v. Walker*, 595 F.3d 441, 446 (2d Cir. 2010)); *United States v. Tellez-Martinez*, 517 F.3d 813, 815 (5th Cir. 2008) (explaining that generic robbery "contain[s] at least the elements of misappropriation of property under circumstances involving

defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."[38]  Under this section, the taking of property must be committed through the use of either force or intimidation, based on violence or threats of violence to either the person or the person's property.  Therefore, the definition of robbery under § 1951(b)(1) meets the definition of generic robbery.[39]

Defendant argues that although robbery is listed as an enumerated offense in the Guideline Commentary, it is not a crime of violence because such an interpretation would be inconsistent with the Guidelines.  Defendant contends that in the wake of *Johnson*,[40] the Government must show that the offense incorporates physical force as an element, regardless of whether the offense is enumerated in the Guideline commentary.[41]  Defendant cites *United States v. Soto-Rivera*, a First Circuit post-*Johnson* decision that held that possession of a machine gun, although listed as a crime of violence in the commentary, is not a crime of violence because the offense does not incorporate physical force as an element.[42]  The court explained that after *Johnson* and the removal of the residual clause, "[t]here is simply no mechanism or textual hook

---

[immediate] danger to the person"); *Robbery*, Black's Law Dictionary (10th ed. 2014) (stating that robbery is "[t]he illegal taking of property from the person of another, or in the person's presence, by violence or intimidation; aggravated larceny") *see United States v. Aguilar-Ramos*, -- F. App'x --, No. 15-2096, 2016 WL 1599775 (10th Cir. Apr. 21, 2016) (citing 67 Am. Jur. 2d, *Robbery* § 26) ("Any force, violence, or threat, no matter how slight, is sufficient to sustain a robbery conviction if it . . . prevents or overcomes resistance to the property's taking or retention.").

[38] 18 U.S.C. § 1951(b)(1).

[39] *See United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996) ("[R]obbery is defined in § 1951, in terms consistent with the traditional common-law definition, as the unlawful taking of personal property from the person or in the presence of another by force or violence.").

[40] 135 S. Ct. 2551 (2015).

[41] Doc. 23 at 123.

[42] 811 F.3d 53, 60–62 (1st Cir. 2016).

in the Guideline that allows us to import offenses not specifically listed therein into § 4B1.2(a)'s definition of crime of violence."[43]

The Court, however, is not convinced that *Johnson* requires each enumerated offense in the Commentary to explicitly include physical force as an element. Application Note 1, which lists additional offenses that qualify as crimes of violence, is authoritative unless it is inconsistent with another guideline or violates a federal statute or the Constitution.[44] Thus, robbery is incorporated into § 4B1.2(a)(2) pursuant to the enumeration of offenses in that section. Furthermore, the United States Sentencing Commission recently amended § 4B1.2(a)(2) to include robbery, which suggests that the offenses listed in Application Note 1 serve as additional enumerated offenses.[45] At least two crimes enumerated in § 4B1.2(a)(2)—extortion and crimes involving the use of explosives—arguably do not incorporate physical force as an element of the offense. But Defendant does not argue that these offenses are not crimes of violence, and the Court is not aware of any authority suggesting the same.[46] Indeed, the Tenth Circuit has held, post-*Johnson*, that an offense equating to generic extortion may qualify as a crime of violence because that offense is enumerated in Commentary, notwithstanding that the offense does not incorporate physical force as an element.[47] The Court finds no reason to apply the physical force clause to enumerated crimes in the wake of *Johnson* simply because the crimes are enumerated

---

[43]*Id.*

[44]*United States v. Martinez*, 602 F.3d 1166, 1173–74 (10th Cir. 2010) ("[C]ommentary issued by the Sentencing Commission to interpret or explain a guideline is binding and authoritative unless it violates theConsistution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

[45]United States Sentencing Guidelines § 4B1.2(a)(2); *see United States v. Mobley*, 687 F.3d 625, 629 (4th Cir. 2012) (citing *United States v. Peterson*, 629 F.3d 432 (4th Cir. 2011)) (explaining that the crimes listed in Application Note 1 to the Commentary serve as additional enumerated offenses).

[46]*See United States v. Malloy*, 614 F.3d 852, 857–59 (8th Cir. 2010) (holding that extortion is a crime of violence because it is enumerated in § 4B1.2, even though commission of the crime does not require a threat of bodily harm).

[47]*United States v. Castillo*, 811 F.3d 342, 348–49 (10th Cir. 2015).

in the Commentary rather than in the text of § 4B1.2(a)(2). Therefore, the Court finds that Defendant's prior conviction for robbery under § 1951(b)(1) was for a crime of violence because the definition of that offense meets the generic definition for robbery.[48]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Darnell O'Conner's Objection Number One to the Presentence Investigation Report is **overruled**.

**IT IS SO ORDERED.**

Dated: August 15, 2016

                                                     S/ Julie A. Robinson
                                                   JULIE A. ROBINSON
                                                   UNITED STATES DISTRICT JUDGE

---

[48] The Government also argues that Defendant's prior conviction for robbery under § 1951 was for a crime of violence because that offense incorporates physical force as an element. Because the Court finds that robbery under § 1951 is in accord with the generic definition of robbery, the Court does not reach the Government's additional argument.